Tucker, P.
It is well settled, that an obligor is precluded from setting up any equity against his bond, when by his promise of payment a third person has been induced to take an assignment or transfer of it; yet I am not aware of any case, in which a plea in bar of the demand, has at law been avoided by a replication of a promise to pay. The question is now for the first time presented, whether there is any mode, in a court of law, in which the plaintiff can avail himself of the promise of payment, in avoidance of an otherwise good defence set up by the defendant ?-
These defences either go to shew the bond to have been void in its inception, as for usury, gambling or the like,— or to prove its discharge by a payment, release, accord and satisfaction, or former recovery. Now, it is certainly no answer to any of them, that, notwithstanding these substantial defences, the defendant had promised to pay the bond to the assignee or transferree. Such promise could only constitute a new contract, or operate to conclude or estop the defendant from relying upon a defence, which by act in pais, namely, by that promise, ho must be considered as having waived. If the assignee elects to sue upon the bond, and the defendant pleads usury or payment before notice of the assignment, though l cannot think the promise could be *4 pleaded as an answer, I do not perceive why it should not be replied as an estoppel. To create an estoppel it is not essential that the act in pais should be by deed. Acceptance of an estate, or acceptance of rent, are estoppels, though there no deed; and so, I presume, where a party has by any act concluded himself absolutely from setting up any defence, his adversary may rely upon it as an estoppel. Now, in cases of assignment, it is the settled law, that if, before the assignee takes it, he applies to the obligor, informs him of his design to buy, and receives assurances that there is no objection to the bond, and that it will be duly paid, the obligor cannot afterwards set up, against the assignee, the defence of payment or illegal consideration. He is then concluded from making this defence, and the matter might, I conceive, be well replied by way of estoppel. Thus, in the present case, if the defendant, instead of nil debet, had pleaded payment before notice of the transfer, can there be a doubt, that the plaintiff might have replied the promise ,and inducement to take the bond, as an estoppel, and have poncjuded with a prayer of judgment whether the defendant, against his own promise, should be permitted to plead ,or allege the matter set forth by him for his defence? I .think not. Upon a demurrer, I have no doubt judgment should be given for the plaintiff.
In this case, however, the defendant has pleaded nil debet. That being the general issue, it admitted of no reply, nor could the promise have been replied as an estoppel, since the plea was proper to enable the defendant to defend himself by proof of payment to the transferee himself after the 'transfer. Is the plaintiff then to be deprived of the benefit of the promise, because the defendant has pleaded one plea instead of another? Surely not. Although matter of estoppel is not taken notice of, unless relied on in pleading, where the matter to be concluded appears on the record, yet, where that matter is introduced in evidence upon the general issue, it is otherwise. The party cannot be called on to rely on his estoppel, until his adversary has attempted to use the improper defence. Whenever h.e does this, it may be ar *5 rested. Thus, in the present case, after evidence of the promise to pay, it was competent to the plaintiff, upon proof of a payment to the promisee, to move the court to instruct the jury to disregard the latter evidence, if they believed the former to be true: for if true, the defendant had no right to introduce such evidence in support of his plea. This is not the precise form of the instruction moved in this case, but the difference is not, 1 think, substantial.
It is objected, that this course leads to surprize upon the defendant, to which two answers may be given: first, it is his own fault to have pleaded the general issue, instead of the special matter of defence of payment before notice of assignment; had he done so, he would have forced the plaintiff to reply the estoppel. Secondly, surprizes in trials of the general issue are very common, and are always easily and effectually remedied by a new trial.
I am of opinion, that the judgment of the circuit court be affirmed.
The qther judges concurring, judgment affirmed.